UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JENNIFER LEONARD                           CIVIL ACTION

VERSUS

TYLER MARTIN, ET AL.                     NO. 19-00827-BAJ-RLB

### RULING AND ORDER

Before the Court is the **Rule 72(a) Motion To Review Magistrate Judge's March 16, 2021 Order (Doc. 25)**, submitted by non-parties Joseph W. Turnipseed, M.D. and The Spine Diagnostic & Pain Treatment Center (collectively, "Dr. Turnipseed"). In sum, Dr. Turnipseed seeks reversal of the Magistrate Judge's March 16, 2021 Order (Doc. 20) requiring him to produce certain statistical information regarding specific medical procedures performed in the past five years, as requested by Defendants Tyler Martin and Wadena Insurance Company. (*Id.*). Alternatively, Dr. Turnipseed argues that Defendants should be required to pay the costs of compiling such statistical information. (*Id.*). Defendants oppose Dr. Turnipseed's Motion. (Doc. 22). Dr. Turnipseed's Motion will be **DENIED**.

### I. STANDARD

Rule 72 provides that a magistrate judge may hear and decide pretrial matters that are not dispositive of a party's claim. Fed. R. Civ. P. 72(a). A party may object to a magistrate judge's order, but must do so within 14 days or risk waiver. *Id.* "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

> Under the 'clearly erroneous' standard of review of Rule 72(a), the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently. Rather, the 'clearly erroneous' standard requires that the district court affirm the decision of the magistrate judge unless on the entire evidence the court is left with a definite and firm conviction that a mistake has been committed. Similarly, a magistrate judge's order is 'contrary to law' only if it fails to apply or misapplies relevant statutes, case law, or rules of procedure.

*Ordemann v. Unidentified Party*, No. 06-cv-4796, 2008 WL 695253, at *1 (E.D. La. Mar. 12, 2008) (citations, quotations marks, and alterations omitted).

## II. DISCUSSION

Dr. Turnipseed objects to the portion of the Magistrate Judge's March 16 Order requiring him to produce testimony—either oral *or* written—setting forth "the <u>number</u> of patients in the past 5 years that he has recommended for cervical neurotomies for a period of 5-6 years, and the <u>number</u> of known patients who actually underwent the procedures." (Doc. 20 at 7 (emphasis added)). The Magistrate Judge determined that such statistical information is relevant because an overwhelming share of Plaintiff's future damages relate to her allegation that she will be required to undergo regular cervical neurotomies for the foreseeable future, based on Dr. Turnipseed's recommendation. Thus, evidence indicating that Dr. Turnipseed "regularly recommends or opines that repeated future cervical neurotomies are needed, but few, if any of [his] patients actually undergo the recommended treatment" could be used to test his credibility, and challenge Plaintiff's alleged damages. (Doc. 20 at 4-5). Alternatively, of course, if Dr. Turnipseed's cervical neurotomy patients regularly follow through on his recommended course of treatment, such evidence would tend to support Plaintiff's future damages claim.

2

In reaching his conclusion that Dr. Turnipseed should be required to produce statistical evidence regarding patients undergoing recommended cervical neurotomies—but, importantly, *not* the patients' underlying medical records—the Magistrate Judge expressly considered the scope of information requested by Defendants, the importance of such evidence to Defendants' defense, the burden (and attendant cost) of production to Dr. Turnipseed, as well as the privacy rights of Dr. Turnipseed's patients. The Magistrate Judge tailored his ruling accordingly, weighing each of these factors and citing relevant caselaw and authorities. Upon review, the Court finds no clear error.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Dr. Turnipseed's Rule 72(a) Motion To Review Magistrate Judge's March 16, 2021 Order (Doc. 25), be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Dr. Turnipseed shall produce the statistical information required by the Magistrate Judge's March 16 Order within 14 days of the date of this Order.

Baton Rouge, Louisiana, this 28th day of July, 2021

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA